## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LESTER DAVIS, | |
| *Plaintiff,* | CIVIL ACTION |
| v. | |
| SIX FLAGS GREAT ADVENTURE, LLC, *et. al.* | NO. 321-cv-14650 |
| *Defendant.* | |

---

**BRIEF IN SUPPORT OF DEFENDANT, SIX FLAGS GREAT ADVENTURE, LLC'S, MOTION TO DISMISS THE PLAINTIFF'S AMENDED COMPLAINT, IN PART, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

---

HEATHER M. EICHENBAUM, ESQUIRE
Spector Gadon Rosen Vinci P.C.
Seven Penn Center
1635 Market Street, 7th Floor
Philadelphia, PA 19103
Direct: (215) 241-8856
*Facsimile*: (215) 531-9129
heichenbaum@sgrvlaw.com
*Attorneys for Defendant,*
*Six Flags Great Adventure, LLC and*
*Six Flags Entertainment Corporation*

Dated:   September 17, 2021

## <u>TABLE OF CONTENTS</u>

I.      STATEMENT OF PERTINENT FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     QUESTION PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. 2

III.    LEGAL STANDARD AND STANDARD OF REVIEW. . . . . . . . . .. . . . . . . . . ....3

IV.     LEGAL ANALYSIS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ....4

        A.      Motion To Dismiss Plaintiff's Count VII For Failure
                To State A Claim Upon Which Relief May Be Granted.........................4

        B.      Motion to Dismiss Plaintiff's Count VIII for an Award
                Of Punitive Damages For Failure To State A Claim
                Upon Which Relief Can Be Granted................................................6

V.      CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . ...9

## <u>TABLE OF AUTHORITIES</u>

### <u>CASES</u>

*Ashcroft v. Iqbal,*
     556 U.S. 662 (2009)..............................................................3

*Bell Atlantic Corp. v. Twombly,*
     550 U.S. 544 (2007)..............................................................3

*Bistrian v. Levi,*
     696 F.3d 352 (3d Cir. 2012)..................................................3

*Chee Li v. BMW of N. Am., LLC,*
     2017 WL 2625965 (N.J. Super. App. Div. June 19, 2017).....................4

*Cort v. Ash,*
     422 U.S. 66 (1975)..............................................................5

*Crusco v. Oakland Care Ctr. Inc.,*
     305 N.J. Super. 605 (App. Div. 1997).....................................4

*Dong v. Alape,*
     361 N.J. Super. 106 (App. Div. 2003).....................................7

*Entwistle v. Draves,*
     102 N.J. 559 (1986)..............................................................8

*Fowler v. UPMC Shadyside,*
     578 F.3d 203 (3d Cir. 2009)...................................................3

*Franek v. Tomahawk Lake Resort,*
     333 N.J. Super. 206 (App. Div.), *certif. denied* 166 N.J. 606 (2000)...............5

*Hatala v. Morey's Pier, Inc., et al.*
     No. CIV. 04-4679 RBK, 2007 WL 2159615 (D.N.J. July 25, 2007)...............7, 8

*Lascurain v. City of Newark,*
     349 N.J. Super. 251 (App. Div. 2002).....................................4

*Leimgruber v. Claridge Assocs., Ltd.,*

73 N.J. 450 (1977)………………………………………………………9

*Matter of State Comm'n of Investigation,*

    108 N.J. 35 (1987)………………………………………………………4

*Nappe v. Aschelewitz, Barr, Ansell & Bonello,*

    97 N.J. 37 (1984)………………………………………………………8

*Pavlova v. Mint Money Mgmt. Corp.,*

    375 N.J. Super. 397 (App. Div. 2005)………………………………6, 7

*Plasencia v. Orgill, Inc.,*

    2012 WL 819063 (D.N.J. Mar. 9, 2012)………………………………6

*R.J. Gavdos Insurance Agency, Inc., v. National Consumer Ins. Co.,*

    168 N.J. 255 (2001)………………………………………………………5

*Steinberg v. Sahara Sam's Oasis, LLC,*

    226 N.J. 344 (2016)………………………………………………………5

*Tafaro v. Six Flags Great Adventure,*

    2018 WL 1535289 (D.N.J. Mar. 29, 2018)………………………………5

**FEDERAL RULES**

Federal Rule of Civil Procedure 8(a)………………………………………………3

Federal Rule of Civil Procedure 12(b)(6)………………………………………3

**STATUTES**

N.J.S.A. §§ 2A:15–5.9………………………………………………………6, 8

N.J.S.A. § 2A:15–5.10………………………………………………………6

N.J.S.A. § 2A:15–5.12………………………………………………………6, 7

N.J.S.A. § 5:3-36-2………………………………………………………4

N.J.S.A. § 5:3-31………………………………………………………4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LESTER DAVIS, | |
| *Plaintiff,* | CIVIL ACTION |
| *v.* | |
| SIX FLAGS GREAT | NO. 321-cv-14650 |
| ADVENTURE, LLC, *et. al.* | |
| *Defendant.* | |

**BRIEF IN SUPPORT OF DEFENDANT, SIX FLAGS GREAT ADVENTURE, LLC'S,
MOTION TO DISMISS THE PLAINTIFF'S AMENDED COMPLAINT, IN PART,
FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Defendant, Six Flags Great Adventure, LLC (hereinafter "SFGA"), by and through its undersigned counsel, Heather M. Eichenbaum, Esquire and Spector Gadon Rosen Vinci P.C., hereby moves this Honorable Court for an Order, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissing the plaintiff's Amended Complaint, in part, for failure to state a claim upon which relief can be granted, and submits this Brief in support of its Motion seeking said relief.

**I.    STATEMENT OF PERTINENT FACTS**

On or about December 2019, Plaintiff, Lester Davis, commenced the instant action against Six Flags Entertainment Corporation\[1] (hereinafter "SFEC") in the United States District Court for the Eastern District of Pennsylvania. That action was voluntarily dismissed. On or about August 5, 2021, the plaintiff filed an Amended Complaint in the United States District Court for the District of New Jersey against SFEC, which has since been voluntarily dismissed, SFGA, and several other defendants. *See* true and correct copy of Amended Complaint, attached hereto as Exhibit "A". Said Amended Complaint against SFGA sounds generally in alleged negligence. *See* Exhibit "A".

---

[1]    Plaintiff's Complaint improperly identified Moving Defendant as "Six Flags Entertainment Corporation d/b/a Six Flags Great Adventure".

Plaintiff's Amended Complaint avers that on August 10, 2019, plaintiff was injured at Greta Adventure while riding the "Joker" roller coaster. *See* Exhibit "A", ¶ 1.

Plaintiff's Amended Complaint contains averments that Defendants violated the New Jersey Carnival-Amusement Rides Safety Act, N.J.S.A. 5:3-31 *et. seq*. (hereinafter "CARSA") and this failure to comply with CARSA resulted in plaintiff's injuries. *See* Exhibit "A", ¶¶ 142-143. Further, that "Defendants knew the Joker was unreasonably dangerous, especially to individuals with physical disabilities like Mr. Davis who do not have use of their lower extremities" and that this conduct "shows willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which raises the presumption of conscious indifference to consequences, thereby justifying an award of punitive damages." *See* Exhibit "A", ¶¶ 147, 151.

For the reasons set forth below, plaintiff's averments of a violation of CARSA and any demand for an award of punitive damages must be dismissed as they fail to state claims upon which relief may be granted and fail to meet the minimum pleading requirements set forth by the Federal Rules of Civil Procedure and applicable case law.

## II.    QUESTION PRESENTED

**Question:**    Should this Honorable Court dismiss plaintiff's claim against SFGA for alleged violations of the New Jersey Carnival-Amusement Rides Safety Act ("CARSA") where plaintiff lacks standing to assert claims under the referenced statute?

**Suggested Answer:**   Yes.

**Question:**    Should this Honorable Court dismiss all claims for punitive damages within the plaintiff's Amended Complaint where plaintiff has failed to aver sufficient facts to establish that SFGA acted with evil motive, actual malice, or wanton and willful disregard?

**Suggested Answer:**   Yes.

2

### III.   LEGAL STANDARD AND STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 8(a) plaintiff must plead "a short and plain statement of the claim showing that the pleader is entitled to relief". Fed. R. Civ. P. 8(a)(2). When a claim fails to meet the standards of Rule 8(a), Federal Rule of Civil Procedure 12(b)(6) provides that the Court may dismiss a complaint, or portions thereof, "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, courts first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).

To survive a motion to dismiss, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard requires the plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Third Circuit Court of Appeals requires a three-step analysis to meet the plausibility standard mandated by *Twombly* and *Ashcroft*. First, the Court should "outline the elements a plaintiff must plead to a state a claim for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Next, the Court should "peel away" legal conclusions that are not entitled to the assumption of truth. *Id.*; *see also Ashcroft*, 556 U.S. at 678–679 ("While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations."). Finally, the Court should assume the veracity of all well-pled factual allegations, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian*, 696 F.3d at 365, *quoting Ashcroft*, 556 U.S. at 679. It is well-established that a proper Complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

IV.     **LEGAL ANALYSIS**

A.     **Motion To Dismiss Plaintiff's Count VII Alleging CARSA
Violations For Failure To State A Claim Upon Which Relief May Be Granted**

Count VII of plaintiff's Amended Complaint attempts to set forth a claim that SFGA's alleged

wrongdoing violated the Carnival and Amusement Ride Safety Act, N.J.S.A. §5:3-31 (hereinafter

"CARSA").  However, the plaintiff herein cannot succeed on this cause of action as a matter of law

because individuals cannot rely on N.J.S.A. §5:3-36-2 to support a private cause of action.

Under governing New Jersey law, "a plaintiff has no standing to assert a statutory claim

where standing is not conferred or implied by the statute." *Chee Li v. BMW of N. Am., LLC*, 2017

WL 2625965, at *4 (N.J. Super. App. Div. June 19, 2017), *citing Crusco v. Oakland Care Ctr. Inc.,*

305 N.J. Super. 605, 614-15 (App. Div. 1997); *see also Lascurain v. City of Newark,* 349 N.J. Super.

251, 274-75 (App. Div. 2002)(finding plaintiff lacked standing to bring suit under N.J.S.A. 8A:1-1 to

12-6 because the statute did not authorize actions by private parties).

In the absence of explicit language in a statute creating a private cause of action, courts must

look to whether there is evidence that the Legislature specifically intended to create a private cause

of action under a statute. In determining whether a statute implicitly creates a private cause of action,

the New Jersey Supreme Court has directed that courts should consider: (1) whether plaintiff is a

member of the "class for whose special benefit the statute was enacted."; (2) "whether there is any

evidence that the Legislature intended to create a private cause of action under the statute"; and (3)

"whether such an implied private cause of action would be 'consistent with the underlying purposes

of the legislative scheme.'" *Matter of State Comm'n of Investigation,* 108 N.J. 35, 41 (1987)(*quoting*

*Cort v. Ash*, 422 U.S. 66, 78 (1975)); *see also Crusco,* 305 N.J. Super. at 614-15.

In applying this framework, courts may give "varying weight" to each of the factors, but

ultimately the result turns upon the Legislature's intent in enacting a particular statute. *R.J. Gavdos*

*Insurance Agency, Inc., v. National Consumer Ins. Co.,* 168 N.J. 255, 272 (2001). In discerning the Legislature's intent, courts should look to the statute as a whole and consider all of its related sections. *Franek v. Tomahawk Lake Resort,* 333 N.J. Super. 206 (App. Div.), *certif. denied* 166 N.J. 606 (2000).

In *Tafaro v. Six Flags Great Adventure*, this Honorable Court dismissed the plaintiff's claim that the Defendant failed to comply with CARSA, for exactly the same reasons argued herein. *Tafaro v. Six Flags Great Adventure,* 2018 WL 1535289 (D.N.J. Mar. 29, 2018). This Court explicitly held that plaintiff <u>could not</u> state a claim against SFGA for alleged failure to comply with CARSA, and summarily dismissed the claim from plaintiff's Complaint. *Id.*

Likewise, in *Steinberg v. Saraha Sam's Oasis, LLC*, the New Jersey Supreme Court held that the provisions of CARSA do <u>not</u> give rise to a private right of action for injured amusement park patrons. *Steinberg v. Sahara Sam's Oasis, LLC*, 226 N.J. 344, 360 (2016)  The Court explicitly "reject[ed] plaintiff's implied argument that a violation of the Carnival-Amusement Rides Safety Act, N.J.S.A. 5:3-31 to -59, standing along, gives rise to a private right of action." *Id.*

Here, just as was held in *Steinberg* and *Tafaro*, there is absolutely nothing in the text of the statute plaintiff attempts to rely on that would even remotely suggest that the New Jersey Legislature intended to confer a private right of action on a person such as the plaintiff herein.  Absent explicit authority within CARSA to allow a private cause of action under said statute, same cannot proceed.

Even if SFGA were not in compliance with CARSA (accusations that SFGA vehemently denies), plaintiff's citation of this statute is inappropriate and irrelevant to any claim he could possibly assert because plaintiff has no standing to raise a cause of action under said statute. Therefore, because plaintiff has no private right of action conferred under CARSA, Count VII of plaintiff's Amended Complaint must be dismissed.

**B.      Motion to Dismiss Plaintiff's Count VIII Alleging A Claim For Punitive Damages For Failure To State A Claim Upon Which Relief Can Be Granted**

Plaintiff purports to state a claim in his Amended Complaint for an award of punitive damages against SFGA by alleging that it "knew and recklessly disregarded the fact that the Joker was prone to cause injury to riders without use of their legs…" but chose to allow riders with such disabilities to ride the Joker. *See* Exhibit "A" ¶149.  However, plaintiff fails to (and cannot) aver sufficient factual allegations to support this baseless claim. Plaintiff fails to aver sufficient factual allegations to support the claim that SFGA's conduct exceeded ordinary negligence, or that SFGA acted with actual malice, evil motive, or wanton and willful disregard. Therefore, this Honorable Court should strike from the Complaint all requests for punitive damages against SFGA because plaintiff has failed to state a claim upon which relief can be granted.

An award of punitive damages is **limited to** "exceptional cases". *See Plasencia v. Orgill, Inc.*, 2012 WL 819063 at *4 (D.N.J. Mar. 9, 2012); *see also Pavlova v. Mint Money Mgmt. Corp.*, 375 N.J. Super. 397, 405 (App. Div. 2005)(emphasis added). Here, plaintiff fails to allege any factual predicate to support an allegation that the damages were so exceptional or out of the ordinary as to warrant an award of punitive damages.  Pursuant to the New Jersey Punitive Damages Act, N.J.S.A. §§ 2A:15–5.9, et seq. (hereinafter "the PDA"), a party seeking punitive damages must prove, by clear and convincing evidence, "that the harm suffered was the result of the defendant's acts or omissions, and such acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions". N.J.S.A. § 2A:15–5.12(a). Actual malice requires "an intentional wrongdoing in the sense of an evil-minded act". N.J.S.A. § 2A:15–5.10. Wanton and willful disregard is "a deliberate act or omission with knowledge of a high degree of probability of harm to another and reckless indifference to the consequences of such act or omission". *Id.*

The standard for punitive damages cannot be satisfied by averring negligence or even gross negligence. N.J.S.A. § 2A:15–5.12(a); *see also, Pavlova*, 375 N.J. Super. at 405. Instead, a plaintiff must demonstrate that "the defendant knew or had reason to know of the circumstances which would bring home to the ordinary reasonable person the highly dangerous character of his or her conduct". *See Pavlova*, 375 N.J. Super. at 405. Courts look for "the circumstances of aggravation or outrage, which may consist of such a conscious and deliberate disregard of the interests of others". *See Dong v. Alape*, 361 N.J. Super. 106, 116 (App. Div. 2003).

Punitive damages are beyond the reach of plaintiff herein, based on the alleged facts. In *Hatala v. Morey's Pier, Inc., et al.*, this Court affirmed the applicability of the standards for punitive damages set forth in *Pavlova* to cases involving alleged injury on an amusement ride, and dismissed the plaintiff's claim for an award of punitive damages where there was no evidence of actual malice or wanton and willful disregard for the safety of patrons. No. CIV. 04-4679 RBK, 2007 WL 2159615 (D.N.J. July 25, 2007). In *Hatala*, plaintiff commenced an action against the defendant amusement park after she fractured her ankle while on an amusement ride. *Id*. The plaintiff alleged that punitive damages were appropriate, and that the defendants' conduct was sufficiently representative of willfulness, wantonness, and reckless disregard for the high probability of serious injury, due to the defendants' "knowledge of prior injuries and similar incidents of patrons' slamming into the retaining wall and suffering injury [on the subject amusement ride]." *Id*. at *1. This Court rejected the plaintiff's argument, holding that "[t]he fact that during a two-year span, a handful of other riders also suffered injuries on [the subject ride] is insufficient to constitute clear and convincing evidence of Defendants' willful and wanton conduct." *Id*. at *4. Even where the defendants did not make operational changes following the earlier incidents, the Court ruled that the defendants' "inaction cannot be said to have been certain, or even likely to cause imminent and

serious harm." *Id.* Rather, the Court emphasized that the subject ride had been subject to, and passed, an annual inspection. *Id.* At most, therefore, the defendants could potentially be liable for ordinary negligence, but could not be liable for an award of punitive damages. *Id.*

Similar to the plaintiff in *Hatala*, the plaintiff herein presents unsupported allegations that do not rise to the level of "willful and wanton conduct" as required by the statute.  Plaintiff alleges that "Defendants made the Joker available to the public at Amusement Parks throughout the United States without doing adequate testing to ensure that the Joker was reasonably safe and fit for its intended use...Defendant ignored reports throughout the United States and elsewhere of the Jokers' failures to perform as intended... Defendants knew the Joker was unreasonably dangerous, especially to individuals with physical disabilities."  See Exhibit "A", ¶¶145-147. Here, there are absolutely no factual allegations to support the plaintiff's claims that SFGA's conduct exceeded (at best) ordinary negligence or even gross negligence; to support the element of scienter; to identify any plausible basis articulated for the conduct described as wanton and willful disregard and reckless indifference to the consequences of such acts or omissions; or to explain how or why there was malice on the part of the Defendants or that raises the specter of any "evil-minded" acts by the Defendants. *See Entwistle v. Draves*, 102 N.J. 559, 562 (1986); *see also Nappe v. Aschelewitz, Barr, Ansell & Bonello*, 97 N.J. 37, 49 (1984).   Nor are there any factual allegations within plaintiff's Amended Complaint that would give rise to a plausible inference that the SFGA acted with actual malice, evil motive, or wanton and willful disregard, or that it acted with intent to cause injury to the plaintiff. *See* N.J.S.A. 2A:15–5.9, et seq.

Under these circumstances, plaintiff's demand for an award of punitive damages is improper and unsustainable. As in *Hatala*, there are no facts pled to suggest that SFGA acted in any way that could possibly amount to a wanton, willful, or reckless disregard for the safety of the plaintiff (or any other patron).  The holding in *Hatala*, 2007 WL 2159615, makes clear that the standard for an

8

award of punitive damages in cases involving alleged injury on an amusement ride cannot be satisfied by the allegations pled by the plaintiff herein.  Even when viewing the allegations in the light most favorable to the plaintiff, the Complaint fails to adequately allege any facts that would show that SFGA's conduct encompassed the evil motive, actual malice, or wanton and willful disregard required to support a punitive damages claim under the PDA. Punitive damages are assessed only when a party's conduct is especially egregious. *Leimgruber v. Claridge Assocs., Ltd.*, 73 N.J. 450, 454 (1977). As stated, the plaintiff herein has failed to allege sufficient factual predicate to support a claim for punitive damages.

Therefore, SFGA requests that this Honorable Court strike from the Amended Complaint Count VIII and all claims for an award of punitive damages as against SFGA.

## V.   CONCLUSION

Defendant, Six Flags Great Adventure, LLC, respectfully requests that this Honorable Court dismiss with prejudice any and all claims against it for alleged violation of the New Jersey Carnival Amusement Rides Safety Act and all claims for an award of punitive damages, for failure to state a claim upon which relief can be granted.

SPECTOR GADON ROSEN VINCI P.C.

BY:   //cs//   *H.M.Eichenbaum*
HEATHER M. EICHENBAUM, ESQUIRE
1635 Market Street, 7th Floor
Philadelphia, PA 19103
(215) 241-8856 / (215) 531-9129 *Facsimile*
heichenbaum@sgrvlaw.com
*Attorney for Defendants,*
*Six Flags Great Adventure, LLC and*
*Six Flags Entertainment Corporation*

DATED:  September 16, 2021

9