UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LESTER DAVIS,<br><br>    *Plaintiff,*<br><br>v.<br><br>SIX FLAGS ENTERTAINMENT CORP., *et al.*,<br><br>    *Defendants.* | Civil Action No.:<br>3:21-cv-14650-PGS-TJB<br><br>**MEMORANDUM AND ORDER GRANTING DEFENDANT SIX FLAGS GREAT ADVENTURE, LLC'S MOTION TO PARTIALLY DISMISS** |

This case is before the Court on Defendant Six Flags Great Adventure, LLC's ("Defendant" or "Great Adventure") Motion to Partially Dismiss Plaintiff Lester Davis' ("Plaintiff" or "Davis") First Amended Complaint (FAC). (ECF No. 7). Oral argument was held on March 2, 2022. For the reasons that follow, Great Adventure's motion is granted in part dismissing Count VII, and denied as to Count VIII.

The Court has diversity jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and Davis is a citizen of Pennsylvania while Great Adventure is a citizen of New Jersey. (FAC at ¶¶2, 6, 21, ECF No. 2). Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events in this case took place in New Jersey. (FAC at ¶22-24).

I.

According to the FAC, Davis is a paraplegic. (FAC at ¶25). He was a "frequent patron" of Six Flags Great Adventure, a theme park in Jackson, New Jersey which features "thrill rides." (*Id.* at ¶¶6-7, 28). Davis was "well-known" at Great Adventure, and its personnel knew of his medical disability. (*Id.* at ¶¶28, 34). On August 10, 2019, Davis appeared at Great Adventure's "Guest Relations" office to obtain "a pass which afforded him special accommodations due to

his paraplegia and inquire about rides that are safe for him." (*Id.* at ¶30). The Guest Relations employee advised Davis that "the Joker" ride was safe for him, despite a park accessibility guide which noted that a rider must "have two (2) functioning legs that include the knee absent of prosthetic devices". (*Id.* at ¶32-33). Davis had never ridden the Joker before. (*Id.* at ¶52).

Upon arrival at the Joker ride, an "attendant/operator" advised Davis that the ride was "safe for an individual with paraplegia to ride." (*Id.* at ¶¶36-37). Three of Davis' friends lifted his wheelchair "over the curb and into the ride entry area." (*Id.* at ¶39). Davis asked a second attendant/operator if the ride was safe for him. (*Id.*). The second attendant/operator said he was unsure because it was his first day working on the ride. (*Id.* at 40). Davis climbed aboard the ride. (*Id.* at ¶42). The ride did not include any restraints for Davis' legs, which "hung freely," but the ride did have a restraint bar for the shoulders and waist. (*Id.* at ¶¶43-46).

The Joker initially climbs a 120 foot vertical rise, then plummets into a steep drop, and swiftly accelerates with a change in direction as well as backward and forward flips. During its operation, the cars spin freely based on factors such as gravity and rider weight in the cars. (*Id.* at ¶¶50-51). While on the Joker, "the dynamic forces of the ride caused . . . Davis' unsecured and unrestrained legs to flail wildly about the outside of the coaster and, at times, hit the restraint bar, resulting in several severe lower extremity fractures, including femur fractures." (*Id.* at ¶53).

On August 5, 2021, Davis sued Great Adventure and several other defendants, and filed the FAC. In the FAC, Davis alleges negligence (Count I), a violation of the New Jersey Carnival-Amusement Rides Safety Act (CARSA) (N.J.S.A. 5:3-31 *et seq.*) (Count VII), and punitive damages (Count VIII). (FAC at ¶¶62-73, 141-143). Great Adventure seeks to dismiss the CARSA violation (Counts VII) and punitive damages (Count VIII). (ECF No. 7).

## II.

Under Fed. R. Civ. P. 8(a)(2), a complaint "requires only a short and plain statement of the claim showing that the pleader is entitled to relief." A motion to dismiss asserts a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim of relief that is plausible on its face." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d. Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard requires showing more than just the possibility that the defendant acted unlawfully. *Id.*

In reviewing a motion to dismiss, the Court "accept[s] as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Monroe v. Beard*, 536 F.3d 198, 205 (3d. Cir. 2008). The court should disregard legal conclusions and "recitals of the elements of a cause of action, supported by mere conclusory statements." *Santiago v. Warminster Township*, 629 F.3d 121, 128 (3d. Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

The Third Circuit set forth a three-part test for determining whether or not a complaint may survive a motion to dismiss for failure to state a claim:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Id.* at 130 (alteration in original) (quoting *Iqbal*, 556 U.S. at 675, 679).

## III.

Great Adventure submits that Count VII should be dismissed because CARSA does not create a private right of action. Instead, Great Adventure contends that CARSA "articulate[s] legislative and regulatory standards of conduct intended to protect members of the public who patronize amusement parks, and, as such, violations of those standards may be considered as evidence of negligence, or even gross negligence, in a common-law cause of action." *Steinberg v. Sahara Sam's Oasis, LLC*, 142 A.3d 742, 752 (N.J. 2016). Davis offers no opposition to dismissal of Count VII. *See* (ECF No. 9); (ECF No. 12 at 1-2). For the above reasons, Count VII is dismissed. *Steinberg v.* 142 A.3d at 751-52; *Tafaro v. Six Flags Great Adventure, LLC*, No. 17-5607, 2018 WL 1535289, at *6 (D.N.J. Mar. 29, 2018).

## IV.

With respect to Count VIII (punitive damages), Great Adventure submits that Davis has failed to plead any facts demonstrating wanton and willful conduct that are necessary to support an award of punitive damages. (N.J.S.A. 2A:15-5.9) (ECF No. 7 at 4-6). Despite Defendant's contention, Plaintiff alleges Great Adventure failed to perform adequate testing, ignored reports of injuries, and failed to provide warnings. (ECF 2, ¶ 145, 146, 15). Those allegations, as a whole, are sufficient to show a plausible claim for punitive relief. N.J.S.A. 2A:15-5.9.

Moreover, "[T]he issue of punitive damages is a fact-sensitive question . . . ." *Brown-Marshall v. Roche Diagnostics Corp.*, No. 10-5984, 2013 WL 3793622, at *7 (D.N.J. Jul. 19, 2013). "[W]hether punitive damages are warranted . . . is a question of proof, and should not be resolved upon a motion to dismiss." *Naporano Iron & Metal Co. v. Am. Crane Corp.*, 79 F. Supp. 2d 494, 512 n.31 (D.N.J. 1999). As such, it is prudent to assess the merits of the punitive damages claims after the facts have been developed through discovery. *Id.*

## ORDER

**THIS MATTER** having come before the Court on Defendant's Motion to Partially Dismiss (ECF No. 7); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented; and for good cause shown; and for all of the foregoing reasons,

**IT IS** on this 7th day of March, 2022,

**ORDERED** that Defendant's Motion to Dismiss is **GRANTED** in part dismissing Count VII, and denied in part on Count VIII.

_____
PETER G. SHERIDAN, U.S.D.J.