

Joseph L. Messa, Jr. □●
Richard J. Heleniak, ■○
Irene M. McLafferty ■
Lee D. Rosenfeld ◇
Thomas N. Sweeney □
Suzanne H. dePillis ■
Ramon A. Arreola ■
Brett M. Furber ■
Angelo Theodosopoulos ■
Alaina A. Gregorio ▲
Laura E. Laughlin +
Megan M. Kwak ■
Ashley B. DiLiberto ∆
Nikita K. Desai ■
Graham R. Bickel ■

*Counsel to the firm:*
Brett W. Batoff ★
Richard P. Abraham ★
Noelle L. Palazzo ■
Anastasia Buccino-Roth ■
Steven A. Friedman, M.D., F.A.C.P. ★✕

**2000 ACADEMY DRIVE, SUITE 200**
**MT. LAUREL, NJ 08054**

p 215.568.3500
f 215.568.3501
toll free 877MESSALAW
**PLEASE DIRECT ALL NJ CORRESPONDENCE**
**TO THE ABOVE ADDRESS**

■ Admitted to PA & NJ Bars
□ Admitted to NJ, PA & VA Bars
◇ Admitted NJ, PA & GA Bars
▲ Admitted to NJ, PA & NY Bars
+ Admitted to NJ, PA, & FL Bars
∆ Admitted to NJ, PA DE, & NY Bars
★ Admitted to PA Bar
● ABPLA Certified Medical Malpractice Attorney
○ National Board of Trial Advocacy
Certified Civil Trial Attorney
✕ LLM in Healthcare Law

October 18, 2023

**VIA ECF FILING**

The Honorable Douglass E. Arpert
United States District Court
 for the District of New Jersey
Clarkson S. Fisher Cohen Building & U.S. Courthouse 402 East State St., Ctrm, 4E
Trenton, NJ 08608

   Re: Davis v. Six Flags Great Adventure, LLC, et al.
     Civil Action No.: 3:21-cv-14650

Dear Judge Arpert:

  Please be advised, the undersigned counsel represents Plaintiff in the above captioned matter. I make this application for a protective order against the continued deposition of Lester Davis by Defendant Six Flags Great Adventure (SFGA), and to compel the depositions of the Corporate Designee of S&S Worldwide, Six Flags Great Adventure, and Kyle Groover.

  **I.** **Defendant SFGA Conducted the Deposition of Lester Davis in Bad Faith and Should be Precluded from Partaking in Any Further Deposition of Mr. Davis**

  After the first deposition of Mr. Davis, a conference was held with the Court, wherein an objection to the continued deposition of Mr. Davis beyond the initial seven hours permitted by Court Rule was made. During that conference, the Court permitted the parties to provide written submissions. After the conference, and in an interest to move this matter forward, counsel for Plaintiff did not provide a submission and was agreeable to producing Mr. Davis for a subsequent deposition. The Court issued an order for the deposition to go forward permitting SFGA to have an additional two hours of deposition time with Mr. Davis and Defendant S&S to have 30 minutes of deposition time with Mr. Davis. After reviewing Mr. Gulla's recent letter to the Court, which he sent after he and I agreed to not file such letters with the court painting each other in a bad light and to rather request a conference with the Court, and reviewing the transcript from Mr. Davis' first deposition in preparation of the depositions, it is evident that a protective order is needed.

475 White Horse Pike
Collingswood, NJ 08107
p 877.637.7252
f 888.960.3501

605 New Rd.
Linwood, NJ 08221
p 609.601.1644
f 888.960.3501

520 W First Ave
Roselle, NJ 07203
p 609.601.1644
f 888.960.3501

221 River St., 9th Fl.
Hoboken, NJ 07030
p 877.637.7252
f 888.960.3501

123 S 22nd St.
Philadelphia, PA 19103
p 215.568.3500
f 215.568.3501

923 Fayette St.
Conshohocken, PA 19428
p 215.940.7700
f 888.960.3501

309 Wyoming Ave
Pittston, PA 18643
p 570.883.0800
f 888.960.3501

1020 W Broad St.
Bethlehem, PA 18018
p 877.637.7252
f 888.960.3501

5 Penn Plaza, 23rd Fl.
New York, NY 10001
p 877.637.7252
f 888.960.3501

www.messalaw.com



As such, Plaintiff now requests reconsideration of the order permitting counsel for SFGA to have two additional hours of deposition of Mr. Davis and/or a protective order precluding SFGA from participating in any subsequent deposition of Mr. Davis. At the time this issue was raised with the Court, the transcript from Mr. Davis' first deposition was not available for review. After the Court's ruling the transcript was available. A complete copy of the Deposition Transcript Lester Davis is attached hereto as Exhibit A.

Pursuant to Fed.R.Civ.P. 30(d)(1), "unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours. The court must allow additional time consistent with Rule26(b)(1) and (2) **if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination**." (emphasis added).

Section 30(d)(3) provides in relevant part that "at any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in **bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party**." (emphasis added).

A review of the transcript clearly establishes that the Defendant, SFGA conducted the deposition of Lester Davis in a bad faith manner to unreasonably annoy, embarrass, and oppress Mr. Davis. Dragging the deposition on for seven hours without even getting to the accident that forms the basis of the lawsuit, Defendant SFGA asked irrelevant questions about wholly a unrelated incident that is extremely sensitive to Mr. Davis rather than questioning him about the incident in the Complaint.

This lawsuit involves personal injuries sustained by Mr. Davis, a then 35-year-old wheelchair bound, African American, paraplegic man, who was injured on August 10, 2019, while riding the Joker roller coaster at SFGA. Among other injuries sustained, Mr. Davis sustained a left distal femur fracture and a right distal tibia/fibula fracture.

The deposition of Mr. Davis took place on August 25, 2023, from 10:15 a.m. until 5:49 p.m., with four brief breaks totaling only 33 minutes. See Exhibit A at pgs. 90, 204, 289, and 406. During the seven-hour deposition of Mr. Davis, Mr. Gulla did not even address the incident leading to Mr. Davis' injuries sustained at SFGA. Instead, Mr. Gulla asked Mr. Davis questions about a tragic and traumatic incident that occurred to him in January of 1998, when he was fourteen years old resulting in him becoming a paraplegic, a fact that is not in issue at all. Mr. Gulla did not just confirm that Mr. Davis became a paraplegic in 1998, instead he spent a considerable amount of time asking extremely detailed questions wholly unrelated to this matter to harass and embarrass Mr. Davis.

Some of Mr. Gulla's inappropriate and irrelevant questions are as follows:

Q. Did you sustain some type of life – I'll call it a life-altering injury in 1998?

…

Q. Can you tell me how old you were at that time?

| 475 White Horse Pike Collingswood, NJ 08107 p 877.637.7252 f 888.960.3501 | 605 New Rd. Linwood, NJ 08221 p 609.601.1644 f 888.960.3501 | 520 W First Ave Roselle, NJ 07203 p 609.601.1644 f 888.960.3501 | 221 River St., 9th Fl. Hoboken, NJ 07030 p 877.637.7252 f 888.960.3501 | 123 S 22nd St. Philadelphia, PA 19103 p 215.568.3500 f 215.568.3501 | 923 Fayette St. Conshohocken, PA 19246 p 215.940.7700 f 888.960.3501 | 309 Wyoming Ave Pittston, PA 18643 p 570.883.0800 f 888.960.3501 | 1020 W Broad St. Bethlehem, PA 18018 p 877.637.7252 f 888.960.3501 | 5 Penn Plaza, 23rd Fl. New York, NY 10001 p 877.637.7252 f 888.960.3501 |

www.messalaw.com

Messa & Associates
TRIAL ATTORNEYS WITH A REPUTATION FOR RESULTS

A. 14

Q. Before that incident happened when you were 14 years old - - so this would have been from the time you were zero through the time that incident happened when you were 14, did you have any prior accidents where you sustained personal injuries?

…

Q. Any prior injuries of significance to your right leg before you were 14 and that major incident happened?

…

Q. Any treatment with any neurologists or psychologist before you turned 14 years old and that incident happened?

…

Q. Got it. Sir, now, let's talk about January 1009 a little bit. And I'll cover it quickly because, you know, I – but it's information I need to know. Okay. Can you describe fore me what happened on that day? Like where you were, what the circumstances were that let to your injury.

A. I was at a schoolyard playing basketball when someone started shooting.

Q. Now, were you at Bartram High School? Is that where it was?

A. Yes.

…

Q. Okay. And were you actively playing when the active shooter came on?

A. Yes.

Q. Did you know who the active shooter was?

A. No.

Q. Do you have any information now, as you sit here today, as to why that person may have been shooting?

A. No.

Q. Okay. Anybody else get injured other than you during that incident?

| 475 White Horse Pike Collingswood, NJ 08107 p 877.637.7252 f 888.960.3501 | 605 New Rd. Linwood, NJ 08221 p 609.601.1644 f 888.960.3501 | 520 W First Ave Roselle, NJ 07203 p 609.601.1644 f 888.960.3501 | 221 River St., 9th Fl. Hoboken, NJ 07030 p 877.637.7252 f 888.960.3501 | 123 S 22nd St. Philadelphia, PA 19103 p 215.568.3500 f 215.568.3501 | 923 Fayette St. Conshohocken, PA 19246 p 215.940.7700 f 888.960.3501 | 309 Wyoming Ave Pittston, PA 18643 p 570.883.0800 f 888.960.3501 | 1020 W Broad St. Bethlehem, PA 18018 p 877.637.7252 f 888.960.3501 | 5 Penn Plaza, 23rd Fl. New York, NY 10001 p 877.637.7252 f 888.960.3501 |

www.messalaw.com



A. No.

Q. Is it your understanding that that person was aiming at you or that he was aiming at someone else?

A. I wouldn't – I mean, I'm 14 years old. I don't have – I don't think it was – it was more shot – it was a lot of shots. So I don't know what you're saying.

Q. Do you know one way or – I guess what I'm asking is like do you know one way or another whether this was an intention – whether you were the intentional target of this incident?

A. No, I don't know.

Q. How many shots overall do you think the person fired at the playground?
A. I could say about four or five. It was –

Q. Okay. And was it just kind of sprayed generally in the direction of the basketball court?

…

See Exhibit A at pages 64-67.

    This questioning about a very traumatic event that happened to Mr. Davis as a child continued on for several more pages. Mr. Gulla spent a significant amount of time asking Mr. Davis about this tragic and traumatic event, insinuating that Mr. Davis was somehow responsible for being shot at as a child in a school yard. It is plaintiff's contention that this incident was explored in detail with Mr. Davis for an improper purpose and try to determine if he was somehow involved in the shooting that occurred to smear his character and paint him in a bad light, as there was no valid basis to ask such probing questions about such an undisputed sensitive topic.

    It is not disputed that Mr. Davis was a paraplegic on the date of the incident on August 10, 2019, and had been one for ten years. Prior to the deposition Defendants, through prior counsel and current counsel, served over 34 medical authorizations on Plaintiff which were provided in advance of the deposition. Defendants have a clear sense of the extent of the injuries and damages through the medical records. There was no proper purpose to ask detailed questions about how Mr. Davis became paralyzed painfully exploring the tragic incident of being shot at in a school yard as a child. This is a very difficult and traumatic event that occurred to Mr. Davis and altered his life forever. He was forced to relive it in detail in this matter that is wholly irrelevant so that counsel can conduct a fishing expedition to attempt to paint Mr. Davis in a bad light and suggest that he was somehow linked to or responsible for the random shooting that occurred at in the school yard in 1998. This line of questioning was not only harassing and irrelevant to this litigation, but it was extremely offensive to Mr. Davis.

    Mr. Gulla continued to ask Mr. Davis insensitive questions about his condition, that again, were wholly unrelated to the injuries and the damages in this matter. To determine the

475 White Horse Pike, Collingswood, NJ 08107 · p 877.637.7252 · f 888.960.3501
605 New Rd., Linwood, NJ 08221 · p 609.601.1644 · f 888.960.3501
520 W First Ave, Roselle, NJ 07203 · p 609.601.1644 · f 888.960.3501
221 River St., 9th Fl., Hoboken, NJ 07030 · p 877.637.7252 · f 888.960.3501
123 S 22nd St., Philadelphia, PA 19103 · p 215.568.3500 · f 215.568.3501
923 Fayette St., Conshohocken, PA 19246 · p 215.940.7700 · f 888.960.3501
309 Wyoming Ave, Pittston, PA 18643 · p 570.883.0800 · f 888.960.3501
1020 W Broad St., Bethlehem, PA 18018 · p 877.637.7252 · f 888.960.3501
5 Penn Plaza, 23rd Fl., New York, NY 10001 · p 877.637.7252 · f 888.960.3501

www.messalaw.com



extent of Mr. Davis' damages, Mr. Gulla simply could have asked what was Mr. Davis' condition prior to August 10, 2019 and how did that change after the incident. Instead, Mr. Gulla went into explicit detail about one of the most horrific events of Mr. Davis' life. See Exhibit A.

It was not until page 252 of the deposition transcript, almost five hours into the deposition, that Mr. Gulla first began addressing the August 10, 2019, incident. Mr. Gulla contends he needs additional time as he was unable to get to the August 10, 2019, incident during the seven hour deposition. However, a review of the transcript will reveal that Mr. Gulla did not conduct the deposition in good faith. He intentionally delayed asking pertinent, relevant questions, and instead spent nearly five hours asking questions to harass, embarrass, and wear down Mr. Davis by having him explain in painful detail a very traumatic event and wholly irrelevant medical issues.

This matter is not similar to the other cases addressing additional time for a deposition or those contemplated by the Federal Rule and the Note of Advisory Committee. Here, Mr. Gulla had the full seven hours largely uninterrupted. In fact, I had another hearing to appear in at 4:00 on the date of the deposition and I seamlessly had a colleague step in and cover for me to allow the deposition to continue uninterrupted. Additionally, there was little to no interruption by way of objection during the deposition. Over the course of the seven-hour deposition, there were only eight objections and one of which dealt with Mr. Gulla's unprofessional refusal to provide counsel for Co-Defendant an opportunity to ask any questions during the deposition. See Exhibit A at page 349-350.

In the Notes of Advisory Committee there are a variety of factors listed to be considered when extending the time for a deposition as follows:

> if the witness needs an interpreter, that may prolong the examination. If the examination will cover events occurring over a long period of time, that may justify allowing additional time. In cases in which the witness will be questioned about numerous or lengthy documents, it is often desirable for the interrogating party to send copies of the documents to the witness sufficiently in advance of the deposition so that the witness can become familiar with them. Should the witness nevertheless not read the documents in advance, thereby prolonging the deposition, a court could consider that a reason for extending the time limit. If the examination reveals that documents have been requested but not produced, that may justify further examination once production has occurred. In multi-party cases, the need for each party to examine the witness may warrant additional time, although duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest. Similarly, should the lawyer for the witness want to examine the witness, that may require additional time. Finally, with regard to expert witnesses, there may more often be a need for additional time—even after the submission of the report required by Rule 26(a)(2)—for full exploration of the theories upon which the witness relies.

None of these factors were at play in this matter. Mr. Gulla had seven hours of uninterrupted time with Mr. Davis. There was not even a lunch break during the day. The longest

475 White Horse Pike, Collingswood, NJ 08107   p 877.637.7252   f 888.960.3501
605 New Rd., Linwood, NJ 08221   p 609.601.1644   f 888.960.3501
520 W First Ave, Roselle, NJ 07203   p 609.601.1644   f 888.960.3501
221 River St., 9th Fl., Hoboken, NJ 07030   p 877.637.7252   f 888.960.3501
123 S 22nd St., Philadelphia, PA 19103   p 215.568.3500   f 215.568.3500
923 Fayette St., Conshohocken, PA 19246   p 215.940.7700   f 888.960.3501
309 Wyoming Ave, Pittston, PA 18643   p 570.883.0800   f 888.960.3501
1020 W Broad St., Bethlehem, PA 18018   p 877.637.7252   f 888.960.3501
5 Penn Plaza, 23rd Fl., New York, NY 10001   p 877.637.7252   f 888.960.3501

www.messalaw.com



break was 18 minutes. Mr. Gulla did not even permit counsel for co-Defendant to have 15 minutes to question the Plaintiff. There was no interpreter in this case, and minimal documents were shown to the Plaintiff. Defense counsel chose to ask Mr. Davis probing, insensitive, and improper questions about an unrelated, undisputed incident that occurred more than ten years ago when there was no valid basis to address that incident in any detail.

This is an injury case that occurred at an amusement park ride when Mr. Davis was 35 years old. It is inconceivable that counsel could not address all of the pertinent areas in this matter in a seven-hour deposition. This is not a complex medical malpractice action, in fact, even then I rarely see depositions extending beyond four or five hours. Mr. Davis was harassed and humiliated as he was asked painful questions about a very sensitive, unrelated, undisputed, irrelevant subject and made to feel that he was somehow responsible for the shooting, suggesting that he knew the shooter or was an intended target. These questions were extremely offensive and potentially racially motivated. Mr. Gulla should not be permitted any additional time with Mr. Davis, as he had ample time to conduct a proper deposition. A review of the transcript will reveal that Mr. Gulla used the seven hours in bad faith to harass and embarrass Mr. Davis rather than to discover pertinent issues in this case. Therefore, Defendant SFGA should be precluded from partaking in any further deposition of Mr. Davis and should be made to pay the cost and fees associated with any continued deposition taken by Defendant S&S, which is limited to 30 minutes.

## II. Counsel for SFGA Has Improperly Obstructed Plaintiff's Ability to Conduct Depositions

In addition to harassing Mr. Davis in the seven-hour deposition with improper quesitoning, Mr. Gulla has chosen to also attack my character as an attorney in his letter to the Court. Mr. Gulla's accusations of a "longstanding unwillingness to prioritize depositions and habitual disregard of both deadlines and required filings submissions" are both unsubstantiated and unprofessional. At no time did I show an unwillingness to prioritize this matter or disregard it in any way. Every adjournment requested in this matter was required as I was called to trial in other matters. At no time was any adjournment request due to an unwillingness to prioritize this matter or a disregard of the deadlines. It is inconceivable that another trial attorney would use being on trial as a means to attack another attorney's reputation. Additionally, Defendant SFGA has caused substantial delay in this matter throughout this litigation.

By way of background, this matter was initially delayed more than a year after filing due to the dilatory conduct of prior counsel for SFGA and the need for Mr. Gulla to then get up to speed in this matter. Plaintiff has tried to schedule the deposition of the Corporate Designees of Defendant, SFGA since February 8, 2022 well before Defendant ever sought to take the deposition of Plaintiff. After prior counsel blatantly ignored the several properly noticed depositions and subsequent requests for dates for Defendant SFGA's deposition, Defendant finally stated an objection to the notice and then the parties spent several additional months working out the topics to be covered in the deposition.

While it is true that Mr. Allen was finally scheduled to be deposed on Tuesday, October 10, 2023, I was called at the last minute to cover a matter set for trial in Middlesex County that

| 475 White Horse Pike | 605 New Rd. | 520 W First Ave | 221 River St., 9th Fl. | 123 S 22nd St. | 923 Fayette St. | 309 Wyoming Ave | 1020 W Broad St. | 5 Penn Plaza, 23rd Fl. |
| Collingswood, NJ 08107 | Linwood, NJ 08221 | Roselle, NJ 07203 | Hoboken, NJ 07030 | Philadelphia, PA 19103 | Conshohocken, PA 19246 | Pittston, PA 18643 | Bethlehem, PA 18018 | New York, NY 10001 |
| p 877.637.7252 | p 609.601.1644 | p 609.601.1644 | p 877.637.7252 | p 215.568.3500 | p 215.940.7700 | p 570.883.0800 | p 877.637.7252 | p 877.637.7252 |
| f 888.960.3501 | f 888.960.3501 | f 888.960.3501 | f 888.960.3501 | f 215.568.3501 | f 888.960.3501 | f 888.960.3501 | f 888.960.3501 | f 888.960.3501 |

www.messalaw.com



same day. The Court required appearances in person for the conference as the matter was first on the list for trial. It did not proceed to trial that day. I pushed the deposition back until noon but was not able to make it back in time. Counsel for SFGA had indicated that he had a hard stop at 5:00p.m. I then cancelled the deposition and Mr. Gulla indicated that he would no longer produce his client without a Court order. I advised I would be back by 2:00 and could start the deposition then, he refused as he had to stop at 5:00. Mr. Gulla and I then had a long conversation that day discussing the matter and the outstanding issues. We had discussed raising the issues with the Court and discussed not writing extensive letters to the court dragging each other down. I indicated to Mr. Gulla I would send a simple letter requesting a conference to address the discovery issues. Mr. Gulla nonetheless sent a letter to the Court contrary to our agreement.

   Mr. Gulla also cancelled the deposition of Kyle Groover, solely because Plaintiff's second deposition was not able to go forward on October 18, 2023 due to conflicts that could not be changed and the need for review by the Court of the transcript. At the present moment, I am scheduled for trial on Monday, October 23, 2023, in Burlington County. There have been adjournment requests, but it is unclear if the matter will be adjourned and a last-minute conference was scheduled at the end of yesterday and again today with the Court in the matter to discuss proceeding to trial next week. At this time, the deposition of Mrs. Davis is scheduled to proceed October 18, 2023, at 1:30 p.m. Despite providing clear, valid reasons for any adjourned depositions in this matter, Mr. Gulla has accused me of improper conduct, while he admittedly improperly cancelled the deposition of Mr. Groover simply because Mr. Davis' deposition is longer proceeding on October 18, 2023. There is no order of depositions and that is purely improper gamesmanship.

   In addition to not having conducted the deposition of Defendant SFGA the deposition of Defendant S&S has also not been conducted. The parties reached an agreement in July on the topics and while counsel is available for Plaintiff's second deposition and Mrs. Davis' deposition in October, there is no availability for S&S's deposition to be conducted until the end of November 29, 2023. Again, to ensure that Defendants' depositions are not conducted until Plaintiff and all of his witnesses are deposed, which is improper.

   It is Plaintiff's intention to move this matter forward, and Plaintiff has been working to that end. Trials are a necessary part of the litigation process and while they may cause delay in other matters, they should not be a basis to penalize an attorney acting in good faith. Here, it is evident that Defendants are strategically scheduling depositions in this matter to ensure that Plaintiff, Plaintiff's witnesses, who have all been deposed already, and Plaintiff's wife are deposed before they produce anyone for depositions. This is improper conduct that should be sanctioned.

| 475 White Horse Pike | 605 New Rd. | 520 W First Ave | 221 River St., 9th Fl. | 123 S 22nd St. | 923 Fayette St. | 309 Wyoming Ave | 1020 W Broad St. | 5 Penn Plaza, 23rd Fl. |
|---|---|---|---|---|---|---|---|---|
| Collingswood, NJ 08107 | Linwood, NJ 08221 | Roselle, NJ 07203 | Hoboken, NJ 07030 | Philadelphia, PA 19103 | Conshohocken, PA 19246 | Pittston, PA 18643 | Bethlehem, PA 18018 | New York, NY 10001 |
| p 877.637.7252 | p 609.601.1644 | p 609.601.1644 | p 877.637.7252 | p 215.568.3500 | p 215.940.7700 | p 570.883.0800 | p 877.637.7252 | p 877.637.7252 |
| f 888.960.3501 | f 888.960.3501 | f 888.960.3501 | f 888.960.3501 | f 215.568.3500 | f 888.960.3501 | f 888.960.3501 | f 888.960.3501 | f 888.960.3501 |

www.messalaw.com



      Plaintiff respectfully requests Court intervention and a conference with the Court to address the outstanding discovery and matters raised in this letter. Thank you for your patience, understanding, and attention to this matter.

                                                    Respectfully submitted,

                                                    *Alaina A. Gregorio*

                                                    Alaina A. Gregorio, Esq.

| 475 White Horse Pike | 605 New Rd. | 520 W First Ave | 221 River St., 9th Fl. | 123 S 22nd St. | 923 Fayette St. | 309 Wyoming Ave | 1020 W Broad St. | 5 Penn Plaza, 23rd Fl. |
|---|---|---|---|---|---|---|---|---|
| Collingswood, NJ 08107 | Linwood, NJ 08221 | Roselle, NJ 07203 | Hoboken, NJ 07030 | Philadelphia, PA 19103 | Conshohocken, PA 19246 | Pittston, PA 18643 | Bethlehem, PA 18018 | New York, NY 10001 |
| p 877.637.7252 | p 609.601.1644 | p 609.601.1644 | p 877.637.7252 | p 215.568.3500 | p 215.940.7700 | p 570.883.0800 | p 877.637.7252 | p 877.637.7252 |
| f 888.960.3501 | f 888.960.3501 | f 888.960.3501 | f 888.960.3501 | f 215.568.3501 | f 888.960.3501 | f 888.960.3501 | f 888.960.3501 | f 888.960.3501 |

www.messalaw.com